UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**NORTHERN DIVISION at ASHLAND**

MARY ANN BAILEY,                      )
                                      )
    Plaintiff,                        )       Civil No. 0:21-13-JMH
                                      )
V.                                    )
                                      )
KILOLO KIJAKAZI,                      )       **MEMORANDUM OPINION**
ACTING COMMISSIONER                   )           **AND ORDER**
OF SOCIAL SECURITY,                   )
                                      )
    Defendant.                        )

** ** ** ** ** **

This matter is before the Court on the parties' cross-motions for summary judgment. (DE 14; DE 18). The plaintiff, Mary Ann Bailey, brought this action pursuant to 42 U.S.C. § 405(g) to obtain relief on the denial of her claim for Social Security Disability Insurance Benefits ("DIB"). The Court, having reviewed the record and having considered the arguments raised herein, **denies** the Plaintiff's motion and **affirms** the Commissioner's decision.

The Court's review of the decision by the Administrative Law Judge ("ALJ") is limited to determining whether it "is supported by substantial evidence and was made pursuant to proper legal standards." *Rabbers v. Comm'r Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009). To determine whether a claimant has a compensable disability under the Social Security Act, the ALJ applies a five-step sequential process. 20 C.F.R. § 404.1520(a)(1),(4); *see also*

*Miller v. Comm'r of Soc. Sec.*, 81 F.3d 825, 835 n.6 (6th Cir. 2016) (describing the five-step evaluation process). The five steps, in summary, are:

> *Step 1:* If the claimant is doing substantial gainful activity, the claimant is not disabled.
>
> *Step 2:* If the claimant does not have a severe medically determinable physical or mental impairment—i.e., an impairment that significantly limits his or her physical or mental ability to do basic work activities—the claimant is not disabled.
>
> *Step 3:* If the claimant is not doing substantial gainful activity and is suffering from a severe impairment that has lasted or is expected to last for a continuous period of at least twelve months, and his or her impairment meets or equals a listed impairment, the claimant is presumed disabled without further inquiry.
>
> *Step 4:* If the claimant's impairment does not prevent him or her from doing his or her past relevant work, the claimant is not disabled.
>
> *Step 5:* If the claimant can make an adjustment to other work, the claimant is not disabled. If the claimant cannot make an adjustment to other work, the claimant is disabled.

*Sorrell v. Comm'r of Soc. Sec.*, 656 F. App'x. 162, 169 (6th Cir. 2016) (citing *Rabbers,* 582 F.3d at 652).

   If, at any step in the process, the ALJ concludes that the claimant is or is not disabled, the ALJ can then complete the "determination or decision and [the ALJ] do[es] not go on to the next step." 20 C.F.R. § 404.1520(a)(4). In the first four steps of the process the claimant bears the burden of proof. *Sorrell*, 656 F. App'x. at 169 (quoting *Jones v. Comm'r of Soc. Sec.* 336 F.3d 469, 474 (6th Cir. 2003)). If the claim proceeds to step five,

however, "the burden shifts to the Commissioner to identify a significant number of jobs in the economy that accommodate the claimant's residual functional capacity . . . and vocational profile." *Id.* (internal citations omitted); 20 C.F.R. § 404.1520(g)(1).

In this case, proceeding with step one, the ALJ determined that Mary Ann Bailey ("Bailey") did not engage in substantial gainful activity since the onset date of March 1, 2018. (Administrative Record ("AR") at 19, ¶ 2).

At step two, the ALJ determined that Bailey had the following severe impairments: (1) degenerative disc disease of the lumbar spine; (2) major depressive disorder; and (3) generalized anxiety disorder. (*Id.*, ¶ 3).

At step three, the ALJ found that Bailey did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR pt. 404, subpt. P, app. 1 (the Listings). (*Id.*, ¶ 4)

Before proceeding to step four, the ALJ determined that Bailey had the residual functional capacity (RFC) to perform a broad range of "light" work, except that

> [s]he requires a sit/stand option alternating from sit to stand and back every 30 minutes; she can frequently climb ramps and stairs, occasionally climb ladders, ropes, or scaffolds, frequently balance, kneel, crouch or crawl, and occasionally stoop; she should avoid concentrated exposure to vibration and

> work place hazards, such as unprotected
> heights and open, moving machinery; she is
> limited to simple tasks, instructions, and
> decisions, commensurate with DOT SVP levels 1-
> 2; she can tolerate no consistent rapid or
> production rate pace, and she is limited to
> occasional contact with the public, co-
> workers, and supervisors.

(AR. at 21, ¶ 5). The ALJ determined that Bailey does not have the RFC to perform the requirements of her past relevant work. (*Id*. at 26, ¶ 6).

At step five, the ALJ determined that, considering the RFC and Bailey's age, education, work experience, there are jobs that exist in significant numbers in the national economy that she can perform and, thus, she is not disabled. (*Id*., ¶¶ 9-11).

The ALJ's decision became the final decision of the Commissioner when the Appeals Council subsequently denied Bailey's request for review. (*Id*., at 1-3); *see* 20 C.F.R. § 422.210(a). Bailey has exhausted her administrative remedies and filed a timely appeal in this Court. The parties have filed cross-motions for summary judgment, and this case is now ripe for review under 42 U.S.C. § 405(g).

Under the Social Security Act, the Court conducts a limited review of the Commissioner's decision. 42 U.S.C. § 405(g). The Court may only evaluate whether the ALJ applied the correct legal standard and made factual findings that are supported by substantial evidence in the record. *Id*.; *see also Rabbers*, 582

F.3d at 651. Substantial evidence means "more than a scintilla of evidence but less than a preponderance" and includes "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994).

In assessing the ALJ's decision, the Court cannot "try the case de novo, nor resolve conflicts in the evidence, nor decide questions of credibility." *Id.; see also Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007). If the Commissioner's decision is supported by substantial evidence, the Court must affirm that decision even if there is substantial evidence in the record that supports an opposite conclusion. *See Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007) (quoting *Longworth v. Comm'r of Soc. Sec. Admin.*, 402 F.3d 591, 595 (6th Cir. 2005)).

Bailey argues that the ALJ erred in four ways. First, she argues that the ALJ erred when she adopted the state agency non-examining consultants' assessments because they only considered a limited time period when evaluating Bailey's impairments. Second, she argues that the ALJ failed to consider whether the vocational expert's opinion was consistent with agency's policy and definitions. She further argues that the ALJ's RFC did not match the RFC that was presented to the vocational expert. And lastly, she argues that the ALJ erred because she did not address how the proposed jobs' number constitutes a substantial number of

available jobs in the national economy. All of these claims have no merit.

As an initial matter, the Court addresses Bailey challenge to the ALJ's reliance on the state agency examiners' conclusions and their overall persuasiveness in the ALJ's fashioning of the RFC. Bailey asserts that the RFC fails to accurately describe her limitations because the examiners did not consider any medical evidence after June 30, 2018. *See* DE 14-1 at 2.

"State agency medical and psychological consultants . . . are highly qualified physicians and psychologists who are also experts in Social Security disability evaluation." 20 C.F.R. § 404.1527(e)(2)(i). "In *appropriate* circumstances, opinions from State agency medical . . . consultants . . . *may* be entitled to greater weight than the opinions of treating or examining sources." *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 409 (6th Cir. 2009) (quoting Soc. Sec. Rul. 96-6p) (emphasis added). Here, Bailey's challenge is unconvincing because the ALJ did not place any great emphasis, or reliance, on the state agency physicians' conclusions in reaching her decision.

It is clear from the ALJ's findings that she thoroughly assessed the RFC from the record as a whole. RFC is an administrative finding of an individual's ability to perform work-related activities, and establishing the claimant's RFC is a decision reserved for the Commissioner. *See* 20 C.F.R. §

404.1545(a); SSR 96-5p: Titles II and XVI. The Commissioner's assessment is based upon all of the relevant medical evidence and other evidence in the record, including the claimant's testimony. 20 C.F.R. § 404.1545(a)(3).

In her decision, the ALJ asserts that she found the state agency physician's assessments "somewhat persuasive." (AR at 26). The physicians concluded that Bailey had the ability to perform exertion at the light work level; she could frequently balance, kneel, crouch, crawl, and climb ramps and stairs; she could occasionally stoop and climb ladders, ropes or scaffolds; and she should avoid concentrated exposure to vibration. (AR 26, 103-05, 114-16). In so concluding, the state agency physicians made these assessments following a review of the majority of the evidence in Bailey's file, which the ALJ found was "generally consistent with the medical evidence later received." (AR 26). The ALJ does not assert, in any way, that she relied heavily on these assessments. In fact, the ALJ clarified that, despite the physicians' overall review and assessments, it was necessary to place additional limitations on Bailey given the later evidence; such as by limiting Bailey to only standing and walking for 30 minutes at a time and restricting her from exposure to workplace hazards.

While it may be true that the physicians' assessments were somewhat persuasive to her decision, the ALJ thoroughly accounts for the post-June 2018 medical evidence, and submits that this

evidence did play a great role in her overall decision. (*See* AR 24-26). In particular, the ALJ provides significant accounts of her treatments with her primary care provider, Dr. Sanjiv Gupta, M.D., and its effects, throughout 2019 and 2020. Indeed, the ALJ also accounts for the statement of Bailey's mental health professional, Leia Meenach, APRN. In both cases, the ALJ stated that their provided medical statements did hold some level of persuasion, but again, the ALJ clarifies that she closely considered the objective medical evidence and its objective findings in all of Bailey's records in reaching her conclusions. Notably, the Court observes that Bailey has not lodged any challenge against the ALJ's analyses of the opinions of Dr. Gupta and Nurse Meenach, nor their degree of persuasiveness.

"The substantial evidence standard is met if a reasonable mind might accept the relevant evidence as adequate to support a conclusion." *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005) (internal citations omitted). When an ALJ's decision is based on substantial evidence, it is not subject to reversal even if substantial evidence would have supported the opposite conclusion. *Ulman v. Comm'r of Soc. Sec.*, 639 F.3d 709, 713 (6th Cir. 2012). The Court finds that a reasonable mind might accept the foregoing evidence as adequate to support the ALJ's determination that Bailey has the ability to perform light work

with restrictions. In this case, there is no basis for remand, as the ALJ's RFC is supported by substantial evidence.

Next, Bailey mounts several challenges to the ALJ's step five findings. In one instance, Bailey argues that the ALJ's RFC does not match the hypothetical RFC that was presented to the vocational expert. (DE 14 at 7-8). At the hearing, vocational expert George Starosta testified regarding Bailey's past work as a respiratory therapist and her inability to perform this level of exertion given her current limitations. (*See* AR 45, 65-66). When evaluating Bailey's mental RFC, the ALJ limited her to performing simple tasks, instructions, and decisions, commensurate with DOT SVP levels 1-2, tolerating no consistent rapid or production rate pace, and limiting her to occasional contact with the public, co-workers, and supervisors. (AR 21, ¶ 5).

But contrary to Bailey's argument that the ALJ left out relevant limitations in posing his hypothetical questions, it appears the ALJ actually imposed more, presumably making the hypotheticals even more favorable to Bailey than her RFC determination. The transcript of the hearing reveals that the ALJ included a *wide* range of physical and mental limitations in her hypotheticals. Thus, to the extent the ALJ erred in formulating her hypothetical questions, such error can be harmless if the hypothetical is more favorable to the claimant than the ALJ's RFC

determination. *Pasco v. Comm'r of Soc. Sec.,* 137 F. App'x 838, 845 (6th Cir.2005).

In matters that the DOT did not specifically address, Mr. Starosta clarified that he relied on his knowledge and experience in the field to support his opinions. *See* SSR 00-4p, 2000 WL 1898704 at *2 (noting that a vocational expert's experience in job placement or career counseling can be provide insight when the DOT lacks pertinent information regarding particular job requirements or occupations). The Court rejects Bailey's argument that the ALJ did not fully consider whether there was a conflict between the vocational expert's opinion and the DOT. Bailey's attorney had the opportunity to cross-examine Mr. Starosta on this subject and to expound on any of the perceived testimony requiring more exploration, but declined to do so. Bailey has thus waived his right to explore this subject by failing to cross-examine him at the hearing. *See Passmore v. Astrue*, 533 F.3d 658, 663 (8th Cir. 2008).

An ALJ "is not required to affirmatively conduct an independent investigation into the testimony of witnesses to determine if [what they said is] correct." *Johnson v. Commissioner*, 535 F. App'x 498, 508 (6th Cir. 2013) (citation and quotation omitted). "An ALJ satisfies her duty to inquire if she asks the VE whether the VE's testimony is consistent with the DOT and receives an affirmative response." *Joyce v. Commissioner*, 662 F. App'x 430,

435 (6th Cir. 2016) (citing *Martin v. Commissioner*, 170 F. App'x 369, 374 (6th Cir. 2006)). The ALJ did so here.

Finally, the Court addresses Bailey's argument regarding the ALJ's alleged error to cite only 28,700 jobs available to Bailey. (DE 14 at 9-10). Bailey argues that the ALJ failed to determine whether this number "was an exhaustive or representative list of available occupations and … how such few jobs scattered throughout the nation could constitute a substantial number of jobs[.]" (DE 14-1 at 11).

The vocational expert determined that Bailey met the requirements of performing the following unskilled occupations: "laundry folder (DOT #369.687-018) with 8,900 incidences in the national economy; laundry sorter (DOT #361.687-014) with 7,800 incidences in the national economy; and garment packer (DOT #920.687-018) with 12,000 incidences in the national economy." (AR 27-28). There is nothing in the statute that dictates the ALJ's duty to consider an exhaustive or representative list of available occupations.

"[W]ork which exists in the national economy means work which exists in significant numbers *either* in the region where such individual lives *or* in several regions of the country." *Harmon v. Apfel*, 168 F.3d 289, 292 (6th Cir. 1999) (quoting 42 U.S.C. § 423(d)(2)(A) (emphasis in original)). This standard does not impose a duty on the ALJ to consider a certain number of jobs in the claimant's local area. (*Id*.). Nor is the ALJ faced with "the

difficult task of enumerating … the [exact] boundary" between a significant an insignificant number of available jobs. *Hall v. Bowen*, 837 F.2d 272, 275 (6th Cir. 1988). There simply is no "magic number." *Id.* Rather, "[t]he decision should … be left to the trial judge's common sense in weighing the statutory language as applied to a particular claimant's factual situation." *Id.*

Here, as explained above, the ALJ was reasonable in crafting Bailey's RFC and was careful to ask the vocational expert about light jobs existing in the national economy that accounted for her limitations. Therefore, the Court finds that the ALJ did not err in reaching her conclusions regarding Bailey's limitations, and that her findings are not inconsistent with the agency's own rules and regulations.

For all these reasons, IT IS HEREBY ORDERED that:

(1)  Plaintiff's motion for summary judgment (DE 14) is DENIED;

(2)  Defendant's motion for summary judgment (DE 18) is GRANTED;

(3)  A judgment will be entered contemporaneously with this order.

This the 7th day of December, 2021.



Signed By:

*Joseph M. Hood*

Senior U.S. District Judge